**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

————————————————————X
:
MINDY DEUTSCH, on behalf of herself and all        :
others similarly situated,                                          :
:
             Plaintiff,                                          :        Civil Action No.
:
vs.                                                                             :        **CLASS ACTION COMPLAINT AND**
:        **JURY TRIAL DEMAND**
D & A SERVICES, LLC,                                          :
:
             Defendant.                                      :
:
:
————————————————————X

Plaintiff MINDY DEUTSCH, on behalf of herself and all others similarly

situated, (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against

the above-named Defendant D & A SERVICES, LLC, ("Defendant"), the following:

**PRELIMINARY STATEMENT**

1.        Plaintiff brings this action for statutory damages and declaratory and

injunctive relief arising from Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair

Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors

from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey,

County of Ocean and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief D & A SERVICES, LLC ("D&A") is a

debt collector with a street address of 1400 E. Touhy Ave, Ste. G2, Des Plaines, IL

60018.

9.      Upon information and belief, Defendant is a company that uses the mail,

2

telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters from the Defendant which are in violation of the FDCPA, as described in this Complaint.

11.     This Action is properly maintained as a class action. The Class consists of:

 • All New Jersey consumers who were sent letters and/or notices from or on behalf of Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

• The Class period begins one year to the filing of this Action.

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

•    Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (See **Exhibit A**), except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2,

partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692e, 1692f and/or 1692g, and subsections therein;

    b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    g.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

4

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## <u>STATEMENT OF FACTS</u>

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

14.    Prior to June 8, 2020, Plaintiff allegedly incurred a financial obligation to Bank of America, N.A. ("BofA") related to a consumer debt ("the Debt").

15.    The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16.    The alleged BofA Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

17.    BofA is a "creditor" as defined by 15 U.S.C. § 1692a(4).

18.    At some time prior to June 8, 2020, the BofA Debt obligation became past due with a balance of $24,521.91.

19.    At some point prior to June 8, 2020, the Debt was referred for collection by BofA to Defendant.

20.    At the time the BofA Debt was placed with Defendant, the balance was past due.

21.    On or about June 8, 2020, Defendant sent Plaintiff a collection letter ("the Collection Letter") with respect to the Debt seeking to collect $24,521.91.  See, attached Exhibit A.

22.    The June 8, 2020 collection letter was Defendant's initial written communication to Plaintiff with respect to the Debt.

23.    The Collection Letter was sent in connection with the collection of the BofA obligation.

24.    The June 8, 2020 collection letter was a "communication" as defined by 15 U.S.C. §1692a(2).

25.     The Collection Letter was the first written communication by Defendant to Plaintiff with respect to the Debt.

26.     The Collection Letter was required to contain a notification of Plaintiff's verification rights within the meaning of 15 U.S.C. §1692g(a).

27.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

28.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

29.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

30.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

31.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if

different from the current creditor.

32.     In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

33.     A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

34.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

35.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

36.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

37.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

38.     The front side of each collection letter included the following statement ("The Statement"):

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

39.     The Statement presumably attempted to comply with the requirements of section 1692g(a)(3)-(5).

40.     The Collection Letter contains the following language:

*When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

41.     Defendant's request for payment within the "30 day dispute period" coupled with the "warning" that checks would be deposited immediately and not returned without explaining that its demand did not override the consumer's right to dispute ("Reconciling Statement") rendered the validation notice ineffective.

42.     Without the inclusion of a "Reconciling Statement", Defendant's letter violates the FDCPA as it overshadows and renders the validation notice ineffective.

43.     Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000)

44.     Plaintiff and others similarly situated would be confused by Defendant's demand for payment within the "30 day dispute period" allowed under the FDCPA.

45.     If Plaintiff and others similarly situated sent payment within the "30 day period" would they be giving up their rights to dispute the debt or have it verified?

9

46.     If Plaintiff and others similarly situated disputed the debt and also sent payment, and the debt was found invalid, would Defendant return the payment?

47.     Additionally, the Collection Letter also contains the following language ("the Suspend Collection Language") :

> If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.

48.     The Suspend Collection Language is not language that is required by the FDCPA.

49.     The Suspend Collection Language falsely indicates that if the consumer disputes the debt even orally then under the law Defendant needs to suspend collection activity until Defendant mails the requested information.

50.     The Suspend Collection Language falsely indicates if the consumer disputes the debt, even if it is not within the thirty day period, then Defendant still needs to suspend collection efforts until debt verification is provided.

51.     As such, the Suspend Collection Language is contrary and inconsistent to the debt verification rights provided for under the FDCPA.

52.     Furthermore, the Collection Letter does not indicate that Defendant is not a law firm.

53.     As such, the least sophisticated consumer could reasonably believe based upon the language "our office" and "our firm" letter that Defendant is a law firm.

54.     As such, the least sophisticated consumer reading the Collection letter could believe that based upon the Suspend Collection Language that the consumer would not be sued were he or she to dispute the debt.

10

55.     However, since Defendant is not a law firm, even if the least sophisticated consumer were to dispute the Debt, he or she could still be used on the debt by someone other than Defendant.

56.     As such, the Suspend Collection Language is deceptive, misleading and/or false.

57.     Additionally, Defendant received a second letter from Defendant July 13, 2020, a copy of which is attached as Exhibit B.

58.     The July 13, 2020 letters falsely indicates that Defendant sent Plaintiff a letter "Over 35 days" ago, when in fact the June 8, 2020 letter was only sent exactly 35 days earlier.

59.     The July 13, 2020 letter demanded payment from Plaintiff.

60.     Because of Covid-19, the June 8, 2020 letter did not arrive to Plaintiff until more than 5 days after it was mailed.

61.     As such, the July 13, 2020 letter arrived to Plaintiff within the 30 day period during which Plaintiff still had time to seek verification or dispute the debt.

62.     Thus, the July 13, 2020 letter overshadowed Plaintiff's debt verification rights under section 1692g(a) of the FDCPA.

63.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

64.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

65.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

66.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

67.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

68.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

69.     The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

70.     It is Defendant's pattern and practice to send collection letters in the form described above, and which violate the FDCPA.

71.     On information and belief, Defendant sent letters in the form described above to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATIONS OF 15 U.S.C. §1692

72.     Plaintiff repeats the allegations contained in paragraphs 1 through 71 as if the same were set forth at length.

73.     Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

74.     Defendant's conduct violated several provisions of the FDCPA, including, but not limited to:

A.  15 U.S.C. §1692e, by the use of any false, deceptive or misleading representation or means in connection with the collection of a debt;

B.  15 U.S.C. § 1692e(10) of the FDCPA by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer;

C.  15 U.S.C. §1692g, by effectively failing to provide the debt verification rights notice;

D.  15 U.S.C. §1692g(b), by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.


**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representatives and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding pre-judgment interest;

(d) Awarding post-judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
              June 8, 2021

Respectfully submitted,

By: s/ Lawrence C. Hersh
      Lawrence C. Hersh, Esq.
      17 Sylvan Street, Suite 102B
      Rutherford, NJ  07070
      (201) 507-6300
      *Attorney for Plaintiff*

**<u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.

Dated: June 8, 2021                    By: s/ Lawrence C. Hersh
                                                    Lawrence C. Hersh, Esq.

EXHIBIT A



**D & A Services, LLC**
1400 E. Touhy Ave, Ste. G2
Des Plaines, IL  60018

| D&A # | Creditor | Account Number | Balance |
|---|---|---|---|
| ▮931 | Bank of America, N.A. | XXXXXXXXXXXX5334 | $24,521.91 |

Toll Free: 888-335-6729
Web: https://myaccount.dnasllc.com

| Hours of Operations: | M-Th 8 am – 7 pm CST |
|---|---|
| | Fri 8 am – 5 pm CST |

1549

MINDY RACHEAL DEUTSCH

June 08, 2020

Dear MINDY RACHEAL DEUTSCH:

Your Account has been placed with our office to seek a resolution with you for the balance due on your account.  Accordingly, if you want to resolve this matter, we are offering an opportunity for you to resolve the debt (unless it has already been paid).  If you cannot pay the amount due, please call us at 1-888-335-6729 to discuss further arrangements.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you dispute the debt, or any part thereof, or request the name and address of the original creditor in writing within the thirty-day period, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This communication is from a debt collector.

***detach below and return in the enclosed envelope with your payment***

1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

888-335-6729

| D&A# | Balance |
|---|---|
| ▮931 | $24,521.91 |

MINDY RACHEAL DEUTSCH

| Contact Number | Payment Amount |
|---|---|
| | $ |

Make your check or money order payable to:

D & A Services, LLC
1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

*When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

10013

EXHIBIT B



**D & A Services, LLC**
1400 E. Touhy Ave, Ste. G2
Des Plaines, IL  60018

| D&A # | Creditor | Account Number | Balance |
|---|---|---|---|
| 6833931 | Bank of America, N.A. | XXXXXXXXXXXX5334 | $24,521.91 |

Toll Free: 888-335-6729
Web: https://myaccount.dnasllc.com

| Hours of Operations: | M-Th 8 am – 7 pm CST |
|---|---|
| | Fri 8 am – 5 pm CST |

1437

MINDY RACHEAL DEUTSCH
12 Eagle Ln
Lakewood, NJ  08701-4964

July 13, 2020

Dear MINDY RACHEAL DEUTSCH:

Over 35 days ago we sent you a letter providing pertinent information regarding the above referenced outstanding debt on behalf of our client, seeking a resolution.  However, since that time you have not resolved this debt.  Accordingly, we ask that you contact us promptly at our address or phone numbers above to make arrangements for resolving such debt.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose. This communication is from a debt collector.

***detach below and return in the enclosed envelope with your payment***

1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

888-335-6729

| D&A# | Balance |
|---|---|
| 6833931 | $24,521.91 |

MINDY RACHEAL DEUTSCH
12 Eagle Ln
Lakewood, NJ  08701-4964

| Contact Number | Payment Amount |
|---|---|
| | $ |

Make your check or money order payable to:

D & A Services, LLC
1400 E. Touhy Ave
Suite G2
Des Plaines, IL  60018

*When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.  When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution.

10021